IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL ANTONIO GARCIA, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 1:12-CV-3447-CC-RGV |
| v. | : |
| ALLIANCE SCREENING, LLC, | : |
| Defendant. | : |

## ORDER

On October 3, 2012, plaintiff Daniel A. Garcia ("plaintiff") filed the instant action against Alliance Screening, LLC ("defendant"), under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 ("§ 1681"). [Doc. 1].[1] Defendant was served with a copy of the complaint and summons on October 16, 2012. [Doc. 8]. Defendant failed to answer or file any pleading in this case, and on March 15, 2013, default was entered against it. [Docket Entry dated 03/15/2013].[2] Plaintiff now moves for entry of default judgment against defendant, [Doc. 15], and defendant has not responded. Therefore, plaintiff's motion is deemed unopposed. See LR 7.1B,

---

[1] The document and page numbers listed in citations to the record refer to the documents and pages listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

[2] Plaintiff's initial suit also named as a defendant Realpage, Inc. d/b/a Leasing Desk ("Realpage"), see [Doc. 1], but on January 18, 2013, plaintiff voluntarily dismissed Realpage as a defendant, see [Doc. 5].

NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion."). However, for the reasons stated herein, plaintiff's motion for default judgment, [Doc. 15], is not ripe for a recommended resolution without an evidentiary hearing.

## I. STANDARD

Federal Rule of Civil Procedure 55(b)(2) grants the Court the authority to enter default judgment against a defaulting party. Fed. R. Civ. P. 55(b). See also Taylor v. Wachovia Mortg. Corp., Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *11 (N.D. Ga. Jan. 30, 2009), adopted at *1. "The effect of the entry of a default is that all of the factual allegations in the [c]omplaint are taken as true, save for the amount of unspecified damages." Rodriguez v. Fla. First Fin. Grp., Inc., No. 6:06-cv-1678-Orl-28DAB, 2009 WL 535980, at *2 (M.D. Fla. Mar. 3, 2009), adopted at *1. "Thus, if liability is well-plead in the complaint, it is established by the entry of a default." Id. (citation omitted).

However, "[a] court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment." Id. (citation omitted). See also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002), adopted at 1356 ("A default judgment cannot stand on a complaint that fails to state a

claim.") (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 (11th Cir. 1997) (citation omitted)). In addition, "unless the award sought is for a 'sum certain or a sum that can be made certain by computation,' the Court must hold a hearing to determine the proper amount of damages before it enters default judgment." Taylor, 2009 WL 249353, at *11 (citations omitted). See also Campbell v. Humphries, 353 F. App'x 334, 337 (11th Cir. 2009) (per curiam) (unpublished). However, "[w]here the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required." Taylor, 2009 WL 249353, at *11 (citations and internal marks omitted).

## II.   PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that defendant violated the FCRA by reporting false statements and by failing to comply with statutory notice requirements. See [Doc. 1 at 2-4; Doc. 15 at 2 ¶ 8, 3 ¶ 11]. Specifically, plaintiff asserts that defendant is a consumer reporting agency ("CRA") that issued consumer reports containing inaccurate and derogatory information concerning plaintiff, including that he had felony criminal charges for domestic violence and drug possession, and that defendant disseminated these reports to various third parties, including other CRAs. [Doc. 1 at 2-4; Doc. 15 at 2-3]. Plaintiff further asserts that defendant failed to

provide him with the requisite notice that public record information was being reported for employment purposes; failed to employ strict procedures to ensure that plaintiff's public record information was complete and current; and failed to follow reasonable procedures to assure maximum accuracy of the information in plaintiff's consumer report. [Doc. 1 at 2-4; Doc. 15 at 2-3].

Plaintiff alleges that he has sustained actual damages as a result of defendant's willful and negligent violations of the FCRA. [Doc. 1 at 3-4]. In particular, plaintiff asserts that as a result of defendant's dissemination of inaccurate consumer reports, plaintiff was denied employment as a truck driver, was denied an apartment rental, and has suffered harm to his reputation and emotional distress. [Id. at 2-3; Doc. 15 at 2-3]. Based on these allegations, plaintiff claims that defendant violated §§ 1681k and 1681e(b), and seeks actual damages, statutory damages, and punitive damages, along with allowable costs and reasonable attorney's fees, pursuant to §§ 1681n and 1681o. [Doc. 1 at 4, 6-7]. Plaintiff also seeks a hearing for an assessment of damages. [Doc. 15 at 3].

### III. DISCUSSION

The FCRA "governs the use and dissemination of consumer credit information." Meeks v. Murphy Auto Grp., Inc., No. 8:09-cv-1050-T-TBM, 2010 WL 5174525, at *7 (M.D. Fla. Dec. 15, 2010). It was "enacted 'to require that [CRAs]

adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.'" Chipka v. Bank of Am., 355 F. App'x 380, 382 (11th Cir. 2009) (per curiam) (unpublished) (alteration in original) (quoting 15 U.S.C. § 1681(b)). In this way, the FCRA "protects consumers from having inaccurate information about their credit status circulated in order to protect their reputation." Pinckney v. SLM Fin. Corp., 433 F. Supp. 2d 1316, 1318 (N.D. Ga. 2005) (citation omitted).

### A. Factual Basis of Plaintiff's Claims

Accepting plaintiff's allegations as true, the Court now turns to the relevant provisions of the FCRA to determine whether plaintiff has alleged an adequate factual basis to support entry of default judgment in the instant action. "To achieve its purpose, the FCRA places distinct obligations on three types of entities: [CRAs], users of consumer reports, and furnishers of information to [CRAs]." Chipka, 355 F. App'x at 382 (citing 15 U.S.C. §§ 1681b, 1681m, and 1681s-2). Plaintiff alleges that defendant is a CRA which has violated certain distinct obligations specifically imposed on that type of entity under the FCRA. See [Doc. 1 at 1 ¶ 3, 3 ¶ 19].[3]

---

[3] Plaintiff does not allege that defendant is a furnisher of credit information under § 1681s-2, or that it is otherwise subject to the provisions of that section as an alternative basis of liability. See [Docs. 1 & 15].

Accordingly, in order to state a claim for relief under the FCRA, plaintiff must plead sufficient facts to establish that defendant meets the statutory definition of a CRA.

The FCRA defines a CRA as follows:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Plaintiff asserts that defendant is a "'[CRA]' as . . . defined by 15 U.S.C. § 1681a(b) and (f)."[4] [Doc. 1 at 3 ¶ 19]. See also [id. at 1 ¶ 3]. Plaintiff's assertion is a bare legal conclusion that fails to state an adequate claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Plaintiff has not alleged any facts whatsoever showing that defendant regularly assembles or evaluates consumer credit information, and that it does so by means of interstate commerce and specifically for the purpose of providing consumer reports to third parties; nor has plaintiff indicated whether defendant collects fees or works on a cooperative nonprofit basis. See [Doc. 1].

---

[4] Section 1681a(b) defines "person" as "any individual, partnership, corporation . . ., cooperative, association . . ., or other entity." 15 U.S.C. § 1681a(b).

Plaintiff's theory of liability necessarily turns on defendant's statutory classification as a CRA, yet plaintiff has failed to plead sufficient facts to render such a classification plausible. See Twombly, 550 U.S. at 555, 570 (citation omitted) ("Factual allegations must be enough to raise a right to relief above the speculative level," as the complaint must contain "enough facts to state a claim to relief that is plausible on its face."). A "plaintiff is entitled to a default judgment only if the complaint states a claim for relief," Descent v. Kolitsidas, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) (citation omitted), and a complaint that is predicated on a defendant's status as a CRA necessarily fails to state a claim for relief when it fails to allege facts sufficient to establish that the defendant is a CRA, see Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1985) (citations omitted) (affirming dismissal of plaintiff's claim under FCRA, where plaintiff failed to allege facts sufficient to establish that defendant was a CRA); Jackson v. Ocwen Loan Servicing, LLC, No. 11-60560-Civ., 2012 WL 882493, at *3 (S.D. Fla. Mar. 14, 2012) (dismissing plaintiff's FCRA claim with prejudice, where plaintiff "failed to sufficiently allege that [d]efendant was a [CRA] under . . . § 1681a(f), because [p]laintiff [did] not assert[] any facts that would indicate that [d]efendant regularly compile[d] credit information for the purposes of furnishing consumer reports to third parties."). Accordingly, plaintiff's complaint provides an inadequate factual basis to support

entry of default judgment, but the Court will afford plaintiff an opportunity to cure this deficiency at a hearing in which plaintiff may present evidence to establish that defendant is a CRA under § 1681a(f).

**B.     Damages**

"While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." Virgin Records Am., Inc. v. Lacey, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007) (citations omitted).  To make a damages determination, "[a]n evidentiary hearing is not a *per se* requirement" for default judgment under Rule 55(b)(2) because this rule "speaks of evidentiary hearings in a permissive tone." S.E.C. v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation omitted).  Although there is no *per se* hearing requirement, a hearing should ordinarily be held except in "limited circumstances" such as when "all essential evidence is already of record."  Id. (citation omitted).  District courts in the Eleventh Circuit have noted that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the issue of damages.  See PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp. 2d 1287, 1292 n.9 (S.D. Ala. 2010) (citing cases); Taylor, 2009 WL 249353, at *11 (quoting Capitol Records v. Carmichael, 508 F. Supp.

2d 1079, 1085 (S.D. Ala. 2007) ("[W]here an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required."); Alfa Corp. v. Alfa Mortg. Inc., 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008). In the instant action, plaintiff has specifically requested a hearing for the assessment of his damages. See [Doc. 15 at 3].

Plaintiff argues that defendant's allegedly willful and negligent violations of §§ 1681k and 1681e(b) of the FCRA entitle him to the "full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation," pursuant to §§ 1681n and 1681o. [Doc. 1 at 4, 5-6]; see also [id. at 3, 4; Doc. 15 at 2, 3]. Under § 1681o, plaintiff's recovery for negligent FCRA violations is limited to the actual damages resulting therefrom, 15 U.S.C. § 1681o(a)(1); if plaintiff establishes non-compliance that was willful, however, he may elect between recovering his actual damages or statutory damages ranging from $100 to $1,000 for each willful violation,[5] 15 U.S.C. § 1681n(a)(1)(A). See also Levine v. World Fin. Network Nat'l Bank, 437 F.3d 1118, 1123 (11th Cir. 2006). In either case, plaintiff may be awarded reasonable attorney's fees and costs if he successfully proves his

---

[5] "Willful violations include both knowing and reckless violations." Lee v. Sec. Check, LLC, No. 3:09-cv-421-J-12TEM, 2010 WL 3075673, at *12 (M.D. Fla. Aug. 5, 2010) (citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 59-60 (2007)).

claim. See 15 U.S.C. §§ 1681n & 1681o; see also Jordan v. Equifax Info. Servs., LLC, 410 F. Supp. 2d 1349, 1355 (N.D. Ga. 2006) (citation omitted) ("A successful plaintiff in an action brought pursuant to the FCRA may recover . . . the costs of the action and reasonable attorneys fees.").

Plaintiff alleges that defendant's failure to comply with the FCRA resulted in the following actual damages: plaintiff's denial of employment as a truck driver; denial of an apartment rental; harm to his reputation; emotional distress; and humiliation and embarrassment. [Doc. 1 at 2-3]; see also [Doc. 15 at 2-3]. All of the injuries asserted by plaintiff in support of his claim for actual damages are compensable under the FCRA,[6] and if plaintiff proves that defendant is a CRA, he will be afforded an opportunity to present evidence to establish these damages at the evidentiary hearing. Plaintiff may also be entitled to statutory and punitive damages if he can establish that defendant's failure comply with the FCRA was willful under § 1681n. Finally, if plaintiff successfully demonstrates that defendant violated the FCRA, he is entitled to reasonable attorney's fees and costs. See 15

---

[6] See, e.g., Jordan, 410 F. Supp. 2d at 1356 (citations omitted) ("Actual damages under the FCRA may include damages for humiliation or mental distress, even if the consumer has suffered no out-of-pocket losses."); Brim v. Midland Credit Mgmt., 795 F. Supp. 2d 1255, 1260 (N.D. Ala. 2011) (citation and internal marks omitted) ("It is well settled that actual damages under the FCRA . . . may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness.").

U.S.C. §§ 1681o(a)(2) & 1681(n)(a)(3).  The Court will address plaintiff's request for attorney's fees and costs after determining the outcome of the claim.

## IV.   CONCLUSION

For the reasons stated, it is hereby **ORDERED** that an evidentiary hearing on plaintiff's motion for default judgment, [Doc. 15], will be held on **October 16, 2013** at **2:00 p.m.** in Courtroom 2022, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, before the undersigned United States Magistrate Judge.

The Clerk is **DIRECTED** to send this Order by certified mail, return receipt requested, to defendant at the following address:

> Alliance Screening, LLC
> 2909 Cole Avenue
> Suite 230
> Dallas, TX 75204

**IT IS SO ORDERED** and **DIRECTED** this 1st day of October, 2013.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE